case were not permitted to act, but W. W. Symmes, who had been employed by Quatkemeyer, did appear, and secured an affirmance of the judgment in the supreme court. The matter then came on for hearing as to who was entitled to the fund under Muller's assignments.

*Jacob Shroder*, for Volkert.

*W. Austin Goodman*, for Elizabeth Furst.

*W. W. Symmes*, for Quatkemeyer; and *Robert Ramsey*, for the P., C., C. & St., L. Ry. Co.

---

## NEGOTIABLE INSTRUMENT—INDORSER.

[Cuyahoga Circuit Court, June 28, 1896.]

Caldwell, Hale and Marvin, JJ.

HENRY V. SPENGLER.

1. DUTY OF LAST INDORSER TO MAIL NOTICES TO PRIOR INDORSERS.

Where a notary public in sending notice of dishonor to the last indorser encloses notices to all the prior indorsers who are non-residents of the place where demand is made, it is the duty of the last indorser to forward the enclosed notices to the person to whom they are addressed, and if such indorser fails or neglects to so forward such notices, and a prior indorser receives no notice in any other way he cannot be held.

2. INDORSER TO BECOME LIABLE MUST HAVE NOTICE OF DISHONOR.

In an action against an indorser of a note upon which his name appears, such indorser cannot be held liable where there is no evidence given to show that he had received any notice whatever of the dishonor of the note.

Henry v. Spengler.

HALE, J.

This case is pending in this court on error. The plaintiff in error insists that it appears from the records that there was no evidence to support a judgment rendered by a justice of the peace in favor of the defendant in error against the plaintiff in error, as an indorser on a promissory note. The only evidence offered upon the trial before the justice to prove that the plaintiff in error had notice of non-payment of the note, a necessary fact to be established, was the certificate of the notary public, which reads, so far as it bears upon the fact of notice, as follows :

"I then protested the same for non-payment and notified the following named drawer and indorser thereof of said presentment and protest, by a separate notice to each, inclosed in same envelope and addressed as follows: The State National Bank, Cleveland, Ohio. Inclosed notices to all indorsers, and deposited the same in the post-office of Cincinnati."

When this note became due it was in the hands of a bank in the city of Cincinnati, and was by it given to a notary public for demand, protest and notice. The State National bank of Cleveland, was the last indorser of this note, the plaintiff in error being the next prior indorser. The notary public mailed a notice to the State National bank of Cleveland and with that notice inclosed notices for the prior indorser. There was no evidence given on the trial before the justice that the inclosed notices or any one of them was sent by the State National bank of Cleveland to the persons to whom they were addressed including this plaintiff in error. The justice, however, renderd a judgment against the plaintiff in error as indorser, and that judgment was affirmed by the court of common pleas. We think there was error in both of these judgments.

It is the ordinary practice and lawful for a notary public in sending a notice to the last indorser to inclose notices to all the prior indorsers who are non-residents of the place where the demand is made, and in that case it is the duty of the last indorser to forward the inclosed notices to the persons to whom they are addressed. If for any reason the last indorser fails or neglects to forward the notices to the prior indorsers, and in fact a prior indorser gets no notice in any other manner, he is not held.

Under the facts disclosed by this bill of exceptions, there was no proof whatever that the plaintiff in error as indorser had at any time received any notice whatever of the dishonor of the note upon which his name appeared.

The judgment of the court of common pleas and that of the justice of the peace are reversed and the case remanded to the court of common pleas for a new trial.

*Frank H. Higley*, Attorney for Plaintiff.

*Louis L. Grossman*, Attorney for Defendant.